# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICIA GEERLINGS, as the Parent and/or Natural Guardian of QWG, a minor<br>738 Laurel Lane<br>Wayne, PA 19087, | :<br>:<br>:<br>:<br>: |
| ANDREW McLELLAN, as the Parent and/or Natural Guardian of HM, a minor<br>4159 Whitehorse Road<br>Malveren, PA 19355, | NO. _____ |
| SARAH MARVIN, as the Parent and/or Natural Guardian of HA, a minor<br>1451 Russell Road<br>Paoli, PA 19301, | |
| and | |
| DAVID GOVERNANTI, as the Parent and/or Natural Guardian of SG, a minor<br>111 Sugartown Road<br>Devon, PA 19333 | |
| *Petitioners,* | |
| vs. | |
| TREDYFFRIN/EASTTOWN SCHOOL DISTRICT,<br>940 W Valley Road #1700<br>Wayne, PA 19087 | |
| *Respondent.* | |

## **PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Petitioners, by their undersigned counsel, seek a TRO and preliminary injunctive relief to prevent Respondent, Tredyffrin/Eastown School District from enforcing the August 31, 2021

Order of the Acting Secretary of Health and the Respondent's July 16, 2021 Covid-19 Mitigation Plan, both of which are in effect and both of which require all students to be masked in school.

1. There is no rule or regulation in the Commonwealth that authorizes the Secretary of Health or Respondent to require universal masking of students in school.

2. In particular, Petitioners aver that the Secretary of Health and/or Respondent have no legal authority to require healthy students who are not infected to wear masks to prevent the transmission of communicable disease.

3. Petitioners wish to apply for religious exemptions on behalf of their children, but they cannot agree to the terms and conditions of Respondent's religious exemption form, and the Order of August 31, 2021 has no religious exemption.

4. Petitioners aver that cloth face coverings have not been approved by the FDA as medical devices for preventing the transmission of infectious disease and that the emergency use approval of the testing protocol requires informed consent, which has not been obtained.

5. Petitioners aver that the medical exemption form approved by Respondent arbitrarily requires a blanket waiver of their children's privacy rights under HIPAA without justification.

6. Respondent should be enjoined from carrying out public health control measures that are not properly authorized under applicable law.

7. Absent the requested injunctive relief, the plaintiff's children have been and will be irreparably harmed in various ways.

8. Petitioners aver Petitioners aver that their children have been turned away from school for refusing to wear a mask and have been deprived of their right to a public education.

9. Petitioners aver that their children have been made to wear a mask to receive a public education in violation of their religious beliefs.

10. Petitioners aver that their children have been made to wear face coverings that have not been approved as medical devices and can cause harm.

11. Petitioners aver that their children who seek a medical exemption from the mask requirement will be forced to share private medical information that has no relevance to their ability to wear a mask.

12. Petitioners aver that the face coverings required under the August 31, 2021 Order and the August 23, 2021 Covid-19 Mitigation Plan are not approved by the FDA as medical devices, and that the Emergency Use Authorization of products requires informed consent. Numerous articles suggest that masks are not efficacious at preventing the spread of Covid-19 and actually present health risks of their own.  Neither the August 31, 2021 Order and the August 23, 2021 Covid-19 Mitigation Plan takes account of the requirement for informed consent.

**Injunctive Relief**

13. The requirement for injunctive relief are: (1) that the injunction is necessary to prevent immediate and irreparable harm not compensable by money damages; (2) that greater injury will result from refusing the injunction that from granting it; (3) that the injunction restores the parties to the status quo; and (4) the activity sought to be restrained is actionable and the petitioners' right to relief is clear.

14. The harm caused by the August 31, 2021 Order and the Covid-19 Mitigation Plan is immediate because it occurs every school day.

15. The harm caused by the August 31, 2021 Order and the Covid-19 Mitigation Plan is irreparable because the loss or even partial loss of a child's right to a free public education cannot be adequately compensated by money damages. Likewise, the loss of the right of adhering to one's religious beliefs cannot be adequately compensated by money damages. Neither can the unjustified loss of medical privacy rights under HIPAA nor the potential harm of exposure to unapproved medical devices.

16. The harm caused by the August 31, 2021 Order and the Covid-19 Mitigation Plan is substantial because it is cumulative. Each day a child misses school puts them further behind, makes it harder or impossible to qualify for team sports and organized activities, reinforces discrimination against sincere religious objections to face coverings; and increases the health risks of using unapproved medical devices. .

17. Refusing the requested injunction will cause greater injury than granting it, for at least two reasons:

   (a) the August 31, 2021 Order and the Covid-19 Mitigation Plan are beyond the powers delegated to the Department of Health and the Respondent and are therefore unlawful. The unlawful exercise of power cannot be excused and must be restrained.

   (b) where a public health control measure is not lawful, there can be no compelling reason to justify withholding a areligious exemption while granting exemptions for secular activities or imposing conditions that single out religious objectors for disparate treatment.

18. Granting the requested injunction will restore the status quo before the August 31, 2021 Order and the Covid-19 Mitigation Plan took effect.

19.     Petitioners believe that they are likely to prevail on the merits of each count of their complaint for declaratory judgment, for the reasons set forth in the complaint, the attached affidavits, and the accompanying brief.

20.     A request for an immediate hearing is included with Petitioners' Application for Special Relief along with proof of notice to Respondent's counsel.

WHEREFORE, Petitioners seek a preliminary and permanent injunction to prevent the Respondent, Tredyffrin/Easttown School District from attempting to enforce the provisions of the August 31, 2021 Order and the Covid-19 Mitigation Plan.

Respectfully submitted,

*[signature]*

**Obermayer Rebmann Maxwell & Hippel LLP**
Gary M. Samms, Esq. (#58096)
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102-2101
(215)-665-3054
*Attorney for Petitioners*