# Exhibit 6

Department of Education's Office for Civil Rights Opens Investigations in Five States Regarding Prohibitions of Universal Indoor M...

Skip to main content | About Us (https://www2.ed.gov/about/landing.jhtml) | Contact Us (https://www2.ed.gov/about/contacts/gen) | FAQs (https://www.ed.gov/answers/) | Language Assistance ▾

Search...

# Department of Education's Office for Civil Rights Opens Investigations in Five States Regarding Prohibitions of Universal Indoor Masking

AUGUST 30, 2021

**Contact:** Press Office, (202) 401-1576, press@ed.gov (mailto: press@ed.gov)

Today, the U.S. Department of Education's Office for Civil Rights (OCR) opened directed investigations in five states exploring whether statewide prohibitions on universal indoor masking discriminate against students with disabilities who are at heightened risk for severe illness from COVID-19 by preventing them from safely accessing in-person education.

"The Department has heard from parents from across the country – particularly parents of students with disabilities and with underlying medical conditions – about how state bans on universal indoor masking are putting their children at risk and preventing them from accessing in-person learning equally," said U.S. Secretary of Education Miguel Cardona. "It's simply unacceptable that state leaders are putting politics over the health and education of the students they took an oath to serve. The Department will fight to protect every student's right to access in-person learning safely and the rights of local educators to put in place policies that allow all students to return to the classroom full-time in-person safely this fall."

OCR sent letters today to the chief state school officers of Iowa (https://www2.ed.gov/about/offices/list/ocr/correspondence/other/20210830-iowa-doe.pdf), Oklahoma (https://www2.ed.gov/about/offices/list/ocr/correspondence/other/20210830-oklahoma-state-boe.pdf), South Carolina (https://www2.ed.gov/about/offices/list/ocr/correspondence/other/20210830-south-carolina-doe.pdf), Tennessee (https://www2.ed.gov/about/offices/list/ocr/correspondence/other/20210830-tennessee-doe.pdf), and Utah (https://www2.ed.gov/about/offices/list/ocr/correspondence/other/20210830-utah-state-boe.pdf), outlining how prohibitions of universal indoor masking prevent school districts from implementing health and safety policies that they determine are necessary to protect students from exposure to COVID-19, including those with underlying medical conditions related to their disability. OCR is concerned that state mask restrictions on schools and school districts "may be preventing schools…from meeting their legal obligations not to discriminate based on disability and from providing an equal educational opportunity to students with disabilities who are at heightened risk of severe illness from COVID-19," the letter states.

OCR has not opened investigations in Florida, Texas, Arkansas, or Arizona because those states' bans on universal indoor masking are not currently being enforced as a result of court orders or other state actions. Due to these rulings and actions, districts should be able to implement universal indoor masking in schools to protect the health and safety of their students and staff. However, the Department will continue to closely monitor those states and is prepared to take action if state leaders prevent local schools or districts from implementing universal indoor masking or if the current court decisions were to be reversed.

The investigations will explore each state's compliance with Section 504 of the Rehabilitation Act of 1973 (Section 504), which is a federal law that protects students with disabilities from discrimination based on their disability. Section 504 guarantees qualified students with disabilities the right to a free appropriate public education in elementary and secondary school, commonly referred to as FAPE. This includes the right of students with disabilities to receive their education in the regular educational environment, alongside their peers without disabilities, to the maximum extent appropriate to their needs.

The investigations will also explore whether statewide prohibitions on universal indoor masking violate Title II of the Americans with Disabilities Act of 1990, which prohibits disability discrimination by public entities, including public education systems and institutions. OCR's regional offices will begin collecting data from each state educational agency as part of the direct investigations over the coming weeks.

During the investigation, OCR is a neutral factfinder, collecting and analyzing relevant evidence from state education agencies and other sources as appropriate prior to reaching determinations in these matters. Opening a directed investigation does not imply that OCR has decided whether there has been a violation of a law that OCR enforces.

On Aug. 18, 2021, President Biden issued a Presidential Memorandum (https://www.whitehouse.gov/briefing-room/presidential-actions/2021/08/18/ensuring-a-safe-return-to-in-person-school-for-the-nations-children/) directing the Secretary of Education to "assess all available tools in taking action, as appropriate and consistent with applicable law" to ensure that governors and other officials are giving all students the opportunity to participate and remain in full-time, in-person learning safely, without compromising their health or the health of their families. In response to the President's call, Secretary Cardona laid out (https://blog.ed.gov/2021/08/meeting-the-presidents-call-to-support-the-safe-and-sustained-reopening-of-schools/) the steps the Department of Education can take to protect the rights of all students to access safe in-person learning equally, including using the enforcement authority of the Office for Civil Rights.

Secretary Cardona also sent letters earlier this month to each of the states that are the subject of the direct investigations that OCR announced today. The letters note that: "The safe return to in-person instruction requires that school districts be able to protect the health and safety of students and educators, and that families have confidence that their schools are doing everything possible to keep students healthy."

**Tags:** Coronavirus (/category/keyword/coronavirus)
Safe and Supportive Schools (/category/keyword/safe-and-supportive-schools)
Disability (/category/keyword/disability)    Discrimination (/category/keyword/discrimination)
Press Releases (/news/press-releases)

# How Do I Find…?

- Student loans, forgiveness (https://www2.ed.gov/fund/grants-college.html?src=rn)
- College accreditation (https://www.ed.gov/accreditation?src=rn)
- Every Student Succeeds Act (ESSA) (https://www.ed.gov/essa?src=rn)
- FERPA (https://studentprivacy.ed.gov?src=rn)
- FAFSA (https://fafsa.ed.gov/?src=edgov-rn)
- 1098, tax forms (https://www.ed.gov/1098-e?src=rn)
- More… (https://www2.ed.gov/about/top-tasks.html?src=rn)

# Information About…

- Transforming Teaching (https://www.ed.gov/teaching?src=rn)

9/12/21, 1:03 PM    Department of Education's Office for Civil Rights Opens Investigations in Five States Regarding Prohibitions of Universal Indoor M…

Case 2:21-cv-04024-MSG Document 9-6 Filed 09/13/21 Page 4 of 25

- Family and Community Engagement (https://www.ed.gov/family-and-community-engagement?src=rn)
- Early Learning (https://www2.ed.gov/about/inits/ed/earlylearning/index.html?src=rn)
- Constitution Day (https://www2.ed.gov/policy/fund/guid/constitutionday.html)

# Search press releases

Search...

# Find By Month

- September 2021 (/news/press-releases/monthly/202109)
- August 2021 (/news/press-releases/monthly/202108)
- July 2021 (/news/press-releases/monthly/202107)
- June 2021 (/news/press-releases/monthly/202106)
- May 2021 (/news/press-releases/monthly/202105)
- April 2021 (/news/press-releases/monthly/202104)
- March 2021 (/news/press-releases/monthly/202103)
- February 2021 (/news/press-releases/monthly/202102)
- January 2021 (/news/press-releases/monthly/202101)
- All Press Releases (/news/press-releases)

*Our mission* is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.

Student Loans (https://www2.ed.gov/fund/grants-college.html?src=ft)

Repaying Loans (https://studentaid.gov/manage-loans/repayment?src=ft)

Defaulted Loans (https://studentaid.gov/manage-loans/default?src=ft)

Loan Forgiveness (https://studentaid.gov/manage-loans/forgiveness-cancellation?src=ft)

Loan Servicers (https://studentaid.gov/manage-loans/repayment/servicers?src=ft)

Grants & Programs (https://www2.ed.gov/fund/grants-apply.html?src=ft)

Apply for Pell Grants (https://www.fafsa.ed.gov/?src=ft)

Grants Forecast (https://www2.ed.gov/fund/grant/find/edlite-forecast.html?src=ft)

Apply for a Grant (https://www2.ed.gov/fund/grant/apply/grantapps/index.html?src=ft)

Eligibility for Grants (https://www2.ed.gov/programs/find/elig/index.html?src=ft)

Laws & Guidance (https://www2.ed.gov/policy/landing.jhtml?src=ft)

Case 2:21-cv-04024-MSC Document 9-6 Filed 09/13/21 Page 5 of 25

Every Student Succeeds Act (ESSA) (https://www.ed.gov/essa?src=ft)

FERPA (https://studentprivacy.ed.gov/?src=ft)

Civil Rights (https://www2.ed.gov/about/offices/list/ocr/know.html?src=ft)

IDEA Website (https://sites.ed.gov/idea/?src=ft)

## Data & Research (https://www2.ed.gov/rschstat/landing.jhtml?src=ft)

Education Statistics (https://nces.ed.gov/?src=ft)

Postsecondary Education Data (https://nces.ed.gov/ipeds/?src=ft)

ED Data Express (https://eddataexpress.ed.gov/?src=ft)

Nation's Report Card (https://nces.ed.gov/nationsreportcard/?src=ft)

What Works Clearinghouse (https://ies.ed.gov/ncee/wwc/?src=ft)

Open Data Platform (https://data.ed.gov?src=ft)

COVID Relief Data (https://covid-relief-data.ed.gov?src=ft)

## About Us (https://www2.ed.gov/about/landing.jhtml?src=ft)

Contact Us (https://www2.ed.gov/about/contacts/gen/index.html?src=ft)

ED Offices (https://www2.ed.gov/about/offices/list/index.html?src=ft)

Jobs (https://www.ed.gov/jobs?src=ft)

Press Releases (https://www.ed.gov/news/?src=ft)

FAQs (https://www.ed.gov/answers?src=ft)

Recursos en español (https://www2.ed.gov/espanol/bienvenidos/es/index.html?src=ft)

Budget, Performance (https://www2.ed.gov/about/overview/focus/performance.html?src=ft)

Privacy Program (https://www.ed.gov/privacy?src=ft)

Subscribe to E-Mail Updates (https://www.ed.gov/subscriptions)

Homeroom Blog (https://blog.ed.gov/)

 (http://www.facebook.com/ed.gov)  (http://www.twitter.com/usedgov) 
(https://www.ed.gov/subscriptions)  (https://www.ed.gov/feed)

Notices (https://www2.ed.gov/notices/index.html?src=ft)   FOIA (https://www2.ed.gov/policy/gen/leg/foia/foiatoc.html?src=ft)
Privacy Policy (https://www2.ed.gov/notices/privacy/index.html?src=ft)
Accessibility (https://www2.ed.gov/notices/accessibility/index.html?src=ft)
Security (https://www2.ed.gov/notices/security/index.html?src=ft)
Information Quality (https://www2.ed.gov/policy/gen/guid/infoqualguide.html?src=ft)
Inspector General (https://www2.ed.gov/about/offices/list/oig/index.html?src=ft)   Whitehouse.gov (https://www.whitehouse.gov/)
USA.gov (https://www.usa.gov/)   Benefits.gov (https://www.benefits.gov/)   Regulations.gov (https://www.regulations.gov/)



**UNITED STATES DEPARTMENT OF EDUCATION**
**OFFICE FOR CIVIL RIGHTS**

THE ASSISTANT SECRETARY

August 30, 2021

The Honorable Sydnee Dickson
State Superintendent of Public Instruction
Utah State Board of Education
250 East 500 South, PO Box 144200
Salt Lake City, UT 84114
Email: sydnee.dickson@schools.utah.gov

*sent via E-mail*

Re:  OCR Docket #08-21-5901

Dear Superintendent Dickson:

I write to inform you that the U.S. Department of Education's Office for Civil Rights (OCR) is opening a directed investigation into whether the Utah State Board of Education may be preventing school districts in the state from considering or meeting the needs of students with disabilities as a result of Utah's policy that prohibits school districts and individual schools from requiring the use of face masks to reduce the risk to students and others of contracting COVID-19 in school. OCR's investigation will focus on whether, in light of this policy, students with disabilities who are at heightened risk for severe illness from COVID-19 are prevented from safely returning to in-person education, in violation of Federal law. The remainder of this letter sets out in more detail the basis for this investigation and how the investigation will proceed.

With the start of the new school year, the nation has experienced significant increases in the number of new COVID-19 cases in the general population and specifically among school-age children.[1] Reports show distressingly high rates of hospitalization of children with COVID-19.[2]

---

[1] Centers for Disease Control and Prevention (CDC), *COVID Data Tracker* (last updated Aug. 30, 2021), https://covid.cdc.gov/covid-data-tracker/#demographicsovertime.
[2] CDC, *COVID Data Tracker* (last updated Aug. 30, 2021), https://covid.cdc.gov/covid-data-tracker/#new-hospital-admissions.

400 MARYLAND AVE. S.W., WASHINGTON, DC 20202-1100
www.ed.gov

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

National data also show that children with some underlying medical conditions, including those with certain disabilities, are at higher risk than other children for experiencing severe illness from COVID-19.[3]

At the same time, extensive evidence supports the universal use of masks over the nose and mouth to reduce the risk of COVID-19 transmission.[4] For this reason, the Centers for Disease Control and Prevention (CDC) "recommends universal indoor masking by all students (age 2 and older), staff, teachers, and visitors to K-12 schools, regardless of vaccination status."[5] The CDC has stated that "with COVID-19 cases increasing nationally since mid-June 2021, driven by the B.1.617.2 (Delta) variant of SARS-CoV-2," the protection provided by consistent and correct masking "remains essential in school settings."[6]

However, Utah now prohibits public schools and school districts from requiring any individual to wear a face covering to attend or participate in in-person instruction, district-sponsored athletics or extracurricular activities, or in any other place on the campus of a school or school facility. *See* Utah Code § 53G-9-210. It is unclear whether this prohibition remains in place even if the school or district determines, given the COVID-19 transmission rates in the surrounding area, that a mask requirement is necessary to protect students with disabilities who are at heightened risk for severe illness from COVID-19.

In light of these circumstances, OCR is concerned that Utah's restriction on schools and school districts from putting masking requirements in place may be preventing schools in Utah from meeting their legal obligations not to discriminate based on disability and from providing an equal educational opportunity to students with disabilities who are at heightened risk of severe illness from COVID-19.

OCR enforces Section 504 of the Rehabilitation Act of 1973 (Section 504), which is a Federal law that protects students with disabilities from discrimination based on their disability.[7] Section 504

---

[3] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.
[4] CDC, *Science Brief: Transmission of SARS-CoV-2 in K-12 Schools and Early Care and Education Programs – Updated* (last updated July 9, 2021), https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/transmission_k_12_schools.html.
[5] CDC, *Guidance for COVID-19 Prevention in K-12 Schools* (last updated Aug. 5, 2021), https://www.cdc.gov/coronavirus/2019-ncov/community/schools-childcare/k-12-guidance.html. The CDC guidance recognizes an exception for a person who cannot wear a mask, or cannot safely wear a mask, because of a disability as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, and explains that schools should discuss the possibility of reasonable accommodation. *See id.*, https://www.cdc.gov/coronavirus/2019-ncov/community/schools-childcare/k-12-guidance.html#mask-use.
[6] *Id.*
[7] 29 U.S.C. § 794; 34 C.F.R. Part 104.

2

guarantees qualified students with disabilities the right to a free appropriate public education in elementary and secondary school, commonly referred to as FAPE.[8] This includes the right of students with disabilities to receive their education in the regular educational environment, alongside their peers without disabilities, to the maximum extent appropriate to their needs.[9] OCR also enforces Title II of the Americans with Disabilities Act of 1990 (Title II), which similarly prohibits disability discrimination by public entities, including public education systems and institutions, regardless of whether they receive Federal financial assistance from the Department.[10]

As the Department's civil-rights enforcement arm, OCR is charged with ensuring that recipients of the Department's financial assistance and public entities, including the Utah State Board of Education, are following these laws. To fulfill this responsibility, OCR may initiate a directed investigation in response to information that indicates a potential failure to comply with a law OCR enforces.[11] This includes the authority to investigate a state educational agency whose policies or actions may discriminate against students with disabilities by denying them an equal opportunity to participate in school and benefit from the school's educational opportunities.

Based on the information above, OCR is opening a directed investigation into the Utah State Board of Education's compliance with Section 504 and Title II. Specifically, OCR will examine whether, in light of Utah's prohibition on local school districts and schools from requiring the use of masks on school property and during in-person school-sponsored activities, the Utah State Board of Education may be preventing school districts in the state from considering or meeting the individual educational needs of students with disabilities or otherwise enabling discrimination based on disability in violation of Section 504 and Title II. In this investigation, particular attention will be given to whether the Utah State Board of Education may be preventing schools from making individualized assessments about mask use so that students with disabilities can attend school and participate in school activities in person, consistent with their right to receive a free appropriate public education and to be free from discrimination based on their disability.

Please note that opening this directed investigation in no way implies that OCR has decided whether there has been a violation of a law OCR enforces. During the investigation, OCR is a neutral factfinder, collecting and analyzing relevant evidence from the Utah State Board of Education and other sources as appropriate prior to reaching a determination in this matter.

---

[8] 34 C.F.R. § 104.33.
[9] 34 C.F.R. § 104.34.
[10] 42 U.S.C. § 12131 *et seq.*; 28 C.F.R. Part 35.
[11] The regulation that authorizes OCR to conduct directed investigations can be found in the Code of Federal Regulations at 34 C.F.R. § 104.61, incorporating by reference 34 C.F.R. § 100.7(c). OCR's Case Processing Manual also provides information about directed investigations in Section 402.

Our goal is the prompt resolution of this investigation consistent with the provisions set out in OCR's Case Processing Manual. The OCR Denver office will conduct this directed investigation. OCR will contact Utah State Board of Education officials within a week of the date of this letter to request data and other information necessary for this investigation.

OCR's Case Processing Manual provides several ways for this investigation to be resolved, including an option to reach a voluntary resolution agreement prior to the completion of an investigation. If the Utah State Board of Education expresses an interest in resolving the investigation in this way and OCR determines this form of resolution is appropriate based on the investigation, we will follow the steps set out in Section 302 of the Case Processing Manual.

Upon receipt of this letter, please notify OCR of the name, address, and telephone number of the person who will serve as the Utah State Board of Education's contact person for this matter. Please refer to the above-referenced case docket number in any contacts with this office. If you have any questions prior to receiving the data-request letter, please do not hesitate to contact J. Aaron Romine, Regional Director, at Aaron.Romine@ed.gov or 303-844-4568.

Sincerely,

Suzanne B. Goldberg
Acting Assistant Secretary for Civil Rights
U.S. Department of Education

4



**UNITED STATES DEPARTMENT OF EDUCATION**
**OFFICE FOR CIVIL RIGHTS**

THE ASSISTANT SECRETARY

August 30, 2021

The Honorable Penny Schwinn
Commissioner of Education
Tennessee Department of Education
710 James Robertson Parkway
Nashville, TN 37243
Email: Commissioner.Schwinn@tn.gov

*sent via E-mail*

Re:  OCR Docket #04-21-8901

Dear Commissioner Schwinn:

I write to inform you that the U.S. Department of Education's Office for Civil Rights (OCR) is opening a directed investigation into whether the Tennessee Department of Education may be preventing school districts in the state from considering or meeting the needs of students with disabilities as a result of Tennessee's policy that requires public schools and school districts to allow parents to opt their child out of mask mandates designed to reduce the risk to students and others of contracting COVID-19 in school. OCR's investigation will focus on whether, in light of this policy, students with disabilities who are at heightened risk for severe illness from COVID-19 are prevented from safely returning to in-person education, in violation of Federal law. The remainder of this letter sets out in more detail the basis for this investigation and how the investigation will proceed.

With the start of the new school year, the nation has experienced significant increases in the number of new COVID-19 cases in the general population and specifically among school-age children.[1] Reports show distressingly high rates of hospitalization of children with COVID-19.[2]

---

[1] Centers for Disease Control and Prevention (CDC), *COVID Data Tracker* (last updated Aug. 30, 2021), https://covid.cdc.gov/covid-data-tracker/#demographicsovertime.
[2] CDC, *COVID Data Tracker* (last updated Aug. 30, 2021), https://covid.cdc.gov/covid-data-tracker/#new-hospital-admissions.

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

National data also show that children with some underlying medical conditions, including those with certain disabilities, are at higher risk than other children for experiencing severe illness from COVID-19.[3]

At the same time, extensive evidence supports the universal use of masks over the nose and mouth to reduce the risk of COVID-19 transmission.[4] For this reason, the Centers for Disease Control and Prevention (CDC) "recommends universal indoor masking by all students (age 2 and older), staff, teachers, and visitors to K-12 schools, regardless of vaccination status."[5] The CDC has stated that "with COVID-19 cases increasing nationally since mid-June 2021, driven by the B.1.617.2 (Delta) variant of SARS-CoV-2," the protection provided by consistent and correct masking "remains essential in school settings."[6]

However, Tennessee now requires public schools and school districts to allow parents to opt their child out of a mask mandate. *See* State of Tennessee, Executive Order by the Governor No. 84, An Order Regarding Mask Requirements in Schools. Specifically, the order states that a student's parent or guardian must have the right to opt out of any order or requirement for a student in kindergarten through twelfth grade to wear a face covering at school, on a school bus, or at school functions, by affirmatively notifying in writing the local education agency or personnel at the student's school. It is unclear whether this requirement remains in place even if the school or district determines, given the COVID-19 transmission rates in the surrounding area, that a mask requirement is necessary to protect students with disabilities who are at heightened risk for severe illness from COVID-19.

In light of these circumstances, OCR is concerned that Tennessee's policy requiring public schools and school districts to allow parents to opt their children out of mask mandates may be preventing schools in Tennessee from meeting their legal obligations not to discriminate based on disability and from providing an equal educational opportunity to students with disabilities who are at heightened risk of severe illness from COVID-19.

---

[3] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.
[4] CDC, *Science Brief: Transmission of SARS-CoV-2 in K-12 Schools and Early Care and Education Programs – Updated* (last updated July 9, 2021), https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/transmission_k_12_schools.html.
[5] CDC, *Guidance for COVID-19 Prevention in K-12 Schools* (last updated Aug. 5, 2021), https://www.cdc.gov/coronavirus/2019-ncov/community/schools-childcare/k-12-guidance.html. The CDC guidance recognizes an exception for a person who cannot wear a mask, or cannot safely wear a mask, because of a disability as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, and explains that schools should discuss the possibility of reasonable accommodation. *See id.*, https://www.cdc.gov/coronavirus/2019-ncov/community/schools-childcare/k-12-guidance.html#mask-use.
[6] *Id.*

OCR enforces Section 504 of the Rehabilitation Act of 1973 (Section 504), which is a Federal law that protects students with disabilities from discrimination based on their disability.[7] Section 504 guarantees qualified students with disabilities the right to a free appropriate public education in elementary and secondary school, commonly referred to as FAPE.[8] This includes the right of students with disabilities to receive their education in the regular educational environment, alongside their peers without disabilities, to the maximum extent appropriate to their needs.[9] OCR also enforces Title II of the Americans with Disabilities Act of 1990 (Title II), which similarly prohibits disability discrimination by public entities, including public education systems and institutions, regardless of whether they receive Federal financial assistance from the Department.[10]

As the Department's civil-rights enforcement arm, OCR is charged with ensuring that recipients of the Department's financial assistance and public entities, including the Tennessee Department of Education, are following these laws. To fulfill this responsibility, OCR may initiate a directed investigation in response to information that indicates a potential failure to comply with a law OCR enforces.[11] This includes the authority to investigate a state educational agency whose policies or actions may discriminate against students with disabilities by denying them an equal opportunity to participate in school and benefit from the school's educational opportunities.

Based on the information above, OCR is opening a directed investigation into the Tennessee Department of Education's compliance with Section 504 and Title II. Specifically, OCR will examine whether, in light of Tennessee's policy requiring public schools and school districts to allow parents to opt their child out of a mask mandate, the Tennessee Department of Education may be preventing school districts in the state from considering or meeting the individual educational needs of students with disabilities or otherwise enabling discrimination based on disability in violation of Section 504 and Title II. In this investigation, particular attention will be given to whether the Tennessee Department of Education may be preventing schools from making individualized assessments about mask use so that students with disabilities can attend school and participate in school activities in person, consistent with their right to receive a free appropriate public education and to be free from discrimination based on their disability.

Please note that opening this directed investigation in no way implies that OCR has decided whether there has been a violation of a law OCR enforces. During the investigation, OCR is a

---

[7] 29 U.S.C. § 794; 34 C.F.R. Part 104.
[8] 34 C.F.R. § 104.33.
[9] 34 C.F.R. § 104.34.
[10] 42 U.S.C. § 12131 *et seq*.; 28 C.F.R. Part 35.
[11] The regulation that authorizes OCR to conduct directed investigations can be found in the Code of Federal Regulations at 34 C.F.R. § 104.61, incorporating by reference 34 C.F.R. § 100.7(c). OCR's Case Processing Manual also provides information about directed investigations in Section 402.

neutral factfinder, collecting and analyzing relevant evidence from the Tennessee Department of Education and other sources as appropriate prior to reaching a determination in this matter.

Our goal is the prompt resolution of this investigation consistent with the provisions set out in OCR's Case Processing Manual. The OCR Atlanta office will conduct this directed investigation. OCR will contact Tennessee Department of Education officials within a week of the date of this letter to request data and other information necessary for this investigation.

OCR's Case Processing Manual provides several ways for this investigation to be resolved, including an option to reach a voluntary resolution agreement prior to the completion of an investigation. If the Tennessee Department of Education expresses an interest in resolving the investigation in this way and OCR determines this form of resolution is appropriate based on the investigation, we will follow the steps set out in Section 302 of the Case Processing Manual.

Upon receipt of this letter, please notify OCR of the name, address, and telephone number of the person who will serve as the Tennessee Department of Education's contact person for this matter. Please refer to the above-referenced case docket number in any contacts with this office. If you have any questions prior to receiving the data-request letter, please do not hesitate to contact Melanie Velez, Regional Director, at Melanie.Velez@ed.gov or 404-974-9330.

Sincerely,

Suzanne B. Goldberg
Acting Assistant Secretary for Civil Rights
U.S. Department of Education

4



UNITED STATES DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS

THE ASSISTANT SECRETARY

August 30, 2021

The Honorable Molly M. Spearman
State Superintendent of Education
South Carolina Department of Education
1006 Rutledge Building, 1429 Senate Street
Columbia, South Carolina 29201
Email: Superintendent@ed.sc.gov
***sent via E-mail***

Re:  OCR Docket #11-21-8901

Dear Superintendent Spearman:

I write to inform you that the U.S. Department of Education's Office for Civil Rights (OCR) is opening a directed investigation into whether the South Carolina Department of Education (SCDE) may be preventing school districts in the state from considering or meeting the needs of students with disabilities as a result of South Carolina's policy that prohibits school districts and individual schools from requiring the use of face masks to reduce the risk to students and others of contracting COVID-19 in school. OCR's investigation will focus on whether, in light of this policy, students with disabilities who are at heightened risk for severe illness from COVID-19 are prevented from safely returning to in-person education, in violation of Federal law. The remainder of this letter sets out in more detail the basis for this investigation and how the investigation will proceed.

With the start of the new school year, the nation has experienced significant increases in the number of new COVID-19 cases in the general population and specifically among school-age children.[1] Reports show distressingly high rates of hospitalization of children with COVID-19.[2] National data also show that children with some underlying medical conditions, including those with certain disabilities, are at higher risk than other children for experiencing severe illness from COVID-19.[3]

---

[1] Centers for Disease Control and Prevention (CDC), *COVID Data Tracker* (last updated Aug. 30, 2021), https://covid.cdc.gov/covid-data-tracker/#demographicsovertime.
[2] CDC, *COVID Data Tracker* (last updated Aug. 30, 2021), https://covid.cdc.gov/covid-data-tracker/#new-hospital-admissions.
[3] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

At the same time, extensive evidence supports the universal use of masks over the nose and mouth to reduce the risk of COVID-19 transmission.[4] For this reason, the Centers for Disease Control and Prevention (CDC) "recommends universal indoor masking by all students (age 2 and older), staff, teachers, and visitors to K-12 schools, regardless of vaccination status."[5] The CDC has stated that "with COVID-19 cases increasing nationally since mid-June 2021, driven by the B.1.617.2 (Delta) variant of SARS-CoV-2," the protection provided by consistent and correct masking "remains essential in school settings."[6]

However, South Carolina now prohibits public schools and school districts from requiring their students or employees to wear masks at any of their education facilities. *See* 2021 S.C. Laws Act 94 (H. 4100), eff. July 1, 2021, Proviso 1.108. On July 6, 2021, on behalf of the SCDE, you issued guidance to district superintendents stating that the SCDE interprets Proviso 1.108 to prohibit each school district from requiring students and employees to wear a mask while in any of its educational facilities, which includes all property owned or operated by the school district as well as state-owned school buses, for the 2021-2022 school year.[7] The guidance further states that no school district may create or enforce any policy that would require face coverings in these settings, and state funding may be withheld if any district acts contrary to this law. Earlier this month, the SCDE issued two other memoranda addressing the use of masks in South Carolina's schools.[8] However, it is unclear whether Proviso 1.108's prohibition remains in place even if a school or district determines, given the COVID-19 transmission rates in the surrounding area, that a mask

---

[4] CDC, *Science Brief: Transmission of SARS-CoV-2 in K-12 Schools and Early Care and Education Programs – Updated* (last updated July 9, 2021), https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/transmission_k_12_schools.html.

[5] CDC, *Guidance for COVID-19 Prevention in K-12 Schools* (last updated Aug. 5, 2021), https://www.cdc.gov/coronavirus/2019-ncov/community/schools-childcare/k-12-guidance.html. The CDC guidance recognizes an exception for a person who cannot wear a mask, or cannot safely wear a mask, because of a disability as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, and explains that schools should discuss the possibility of reasonable accommodation. *See id.*, https://www.cdc.gov/coronavirus/2019-ncov/community/schools-childcare/k-12-guidance.html#mask-use.

[6] *Id.*

[7] Memorandum from Molly M. Spearman, State Superintendent of Education, to District Superintendents (July 6, 2021), https://ed.sc.gov/newsroom/school-district-memoranda-archive/proviso-1-108-guidance-and-face-coverings-on-school-buses-update/proviso-1-108-guidance-and-face-coverings-on-school-buses-update-memo/.

[8] *See* Memorandum from Barbara Drayton, Deputy General Counsel, South Carolina Department of Education, to District Superintendents et al., (Aug. 18, 2021), https://ed.sc.gov/newsroom/school-district-memoranda-archive/individuals-with-disabilities-education-act-americans-with-disabilities-act-and-section-504-requirements-and-covid-19-mitigation-strategies/idea-ada-and-section-504-requirements-and-covid-19-mitigation-strategies/; Memorandum from Molly M. Spearman, State Superintendent of Education, to District Superintendents and Transportation Directors (Aug. 27, 2021), https://ed.sc.gov/newsroom/school-district-memoranda-archive/update-on-school-bus-face-covering-requirements/update-on-school-bus-face-covering-requirements-memo/.

requirement is necessary to protect students with disabilities who are at heightened risk for severe illness from COVID-19.

In light of these circumstances, OCR is concerned that South Carolina's restriction on schools and school districts from putting masking requirements in place may be preventing schools in South Carolina from meeting their legal obligations not to discriminate based on disability and from providing an equal educational opportunity to students with disabilities who are at heightened risk of severe illness from COVID-19.

OCR enforces Section 504 of the Rehabilitation Act of 1973 (Section 504), which is a Federal law that protects students with disabilities from discrimination based on their disability.[9] Section 504 guarantees qualified students with disabilities the right to a free appropriate public education in elementary and secondary school, commonly referred to as FAPE.[10] This includes the right of students with disabilities to receive their education in the regular educational environment, alongside their peers without disabilities, to the maximum extent appropriate to their needs.[11] OCR also enforces Title II of the Americans with Disabilities Act of 1990 (Title II), which similarly prohibits disability discrimination by public entities, including public education systems and institutions, regardless of whether they receive Federal financial assistance from the Department.[12]

As the Department's civil-rights enforcement arm, OCR is charged with ensuring that recipients of the Department's financial assistance and public entities, including the SCDE, are following these laws. To fulfill this responsibility, OCR may initiate a directed investigation in response to information that indicates a potential failure to comply with a law OCR enforces.[13] This includes the authority to investigate a state educational agency whose policies or actions may discriminate against students with disabilities by denying them an equal opportunity to participate in school and benefit from the school's educational opportunities.

Based on the information above, OCR is opening a directed investigation into the SCDE's compliance with Section 504 and Title II. Specifically, OCR will examine whether, in light of South Carolina's prohibition on local school districts and schools from requiring use of masks while on school property and during in-person school-sponsored activities, the SCDE may be preventing school districts in the state from considering or meeting the individual educational

---

[9] 29 U.S.C. § 794; 34 C.F.R. Part 104.
[10] 34 C.F.R. § 104.33.
[11] 34 C.F.R. § 104.34.
[12] 42 U.S.C. §§ 12131 *et seq.*; 28 C.F.R. Part 35.
[13] The regulation that authorizes OCR to conduct directed investigations can be found in the Code of Federal Regulations at 34 C.F.R. § 104.61, incorporating by reference 34 C.F.R. § 100.7(c). OCR's Case Processing Manual also provides information about directed investigations in Section 402.

needs of students with disabilities or otherwise enabling discrimination based on disability in violation of Section 504 and Title II. In this investigation, particular attention will be given to whether the SCDE may be preventing schools from making individualized assessments about mask use so that students with disabilities can attend school and participate in school activities in person, consistent with their right to receive a free appropriate public education and to be free from discrimination based on their disability.

Please note that opening this directed investigation in no way implies that OCR has decided whether there has been a violation of a law OCR enforces. During the investigation, OCR is a neutral factfinder, collecting and analyzing relevant evidence from the SCDE and other sources as appropriate prior to reaching a determination in this matter.

Our goal is the prompt resolution of this investigation consistent with the provisions set out in OCR's Case Processing Manual. The OCR Metro office will conduct this directed investigation. OCR will contact SCDE officials within a week of the date of this letter to request data and other information necessary for this investigation.

OCR's Case Processing Manual provides several ways for this investigation to be resolved, including an option to reach a voluntary resolution agreement prior to the completion of an investigation. If the SCDE expresses an interest in resolving the investigation in this way and OCR determines this form of resolution is appropriate based on the investigation, we will follow the steps set out in Section 302 of the Case Processing Manual.

Upon receipt of this letter, please notify OCR of the name, address, and telephone number of the person who will serve as the SCDE's contact person for this matter. Please refer to the above-referenced case docket number in any contacts with this office. If you have any questions prior to receiving the data-request letter, please do not hesitate to contact Sterling Thomas, Acting Regional Director, at Sterling.Thomas@ed.gov or 202-245-8318.

Sincerely,

Suzanne B. Goldberg
Acting Assistant Secretary for Civil Rights
U.S. Department of Education

4



**UNITED STATES DEPARTMENT OF EDUCATION**
**OFFICE FOR CIVIL RIGHTS**

THE ASSISTANT SECRETARY

August 30, 2021

The Honorable Joy Hofmeister
State Superintendent of Public Instruction
Oklahoma State Department of Education
Oliver Hodge Education Building
2500 North Lincoln Boulevard
Oklahoma City, OK 73105
Email: Joy.Hofmeister@sde.ok.gov

*sent via E-mail*

Re:  OCR Docket #07-21-8901

Dear Superintendent Hofmeister:

I write to inform you that the U.S. Department of Education's Office for Civil Rights (OCR) is opening a directed investigation into whether the Oklahoma State Department of Education may be preventing school districts in the state from considering or meeting the needs of students with disabilities as a result of Oklahoma's policy that prohibits school districts and individual schools from requiring the use of face masks to reduce the risk to students and others of contracting COVID-19 in school. OCR's investigation will focus on whether, in light of this policy, students with disabilities who are at heightened risk for severe illness from COVID-19 are prevented from safely returning to in-person education, in violation of Federal law. The remainder of this letter sets out in more detail the basis for this investigation and how the investigation will proceed.

With the start of the new school year, the nation has experienced significant increases in the number of new COVID-19 cases in the general population and specifically among school-age children.[1] Reports show distressingly high rates of hospitalization of children with COVID-19.[2]

---

[1] Centers for Disease Control and Prevention (CDC), *COVID Data Tracker* (last updated Aug. 30, 2021), https://covid.cdc.gov/covid-data-tracker/#demographicsovertime.
[2] CDC, *COVID Data Tracker* (last updated Aug. 30, 2021), https://covid.cdc.gov/covid-data-tracker/#new-hospital-admissions.

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

National data also show that children with some underlying medical conditions, including those with certain disabilities, are at higher risk than other children for experiencing severe illness from COVID-19.[3]

At the same time, extensive evidence supports the universal use of masks over the nose and mouth to reduce the risk of COVID-19 transmission.[4] For this reason, the Centers for Disease Control and Prevention (CDC) "recommends universal indoor masking by all students (age 2 and older), staff, teachers, and visitors to K-12 schools, regardless of vaccination status."[5] The CDC has stated that "with COVID-19 cases increasing nationally since mid-June 2021, driven by the B.1.617.2 (Delta) variant of SARS-CoV-2," the protection provided by consistent and correct masking "remains essential in school settings."[6]

However, Oklahoma now prohibits public schools and school districts from implementing a mask requirement for students who have not been vaccinated against COVID-19, unless a board of education or a technology center school district consults with the local county health department or city-county health department within the jurisdiction where the board is located and the jurisdiction where the board is located is under a current state of emergency declared by the Governor. *See* Oklahoma Enrolled Senate Bill 658. It is unclear whether this prohibition remains in place even when the school or district determines, given the COVID-19 transmission rates in the surrounding area, that a mask requirement is necessary to protect students with disabilities who are at heightened risk for severe illness from COVID-19.

In light of these circumstances, OCR is concerned that Oklahoma's restriction on schools and school districts from putting masking requirements in place may be preventing schools in Oklahoma from meeting their legal obligations not to discriminate based on disability and from providing an equal educational opportunity to students with disabilities who are at heightened risk of severe illness from COVID-19.

---

[3] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[4] CDC, *Science Brief: Transmission of SARS-CoV-2 in K-12 Schools and Early Care and Education Programs – Updated* (last updated July 9, 2021), https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/transmission_k_12_schools.html.

[5] CDC, *Guidance for COVID-19 Prevention in K-12 Schools* (last updated Aug. 5, 2021), https://www.cdc.gov/coronavirus/2019-ncov/community/schools-childcare/k-12-guidance.html. The CDC guidance recognizes an exception for a person who cannot wear a mask, or cannot safely wear a mask, because of a disability as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, and explains that schools should discuss the possibility of reasonable accommodation. *See id.*, https://www.cdc.gov/coronavirus/2019-ncov/community/schools-childcare/k-12-guidance.html#mask-use.

[6] *Id*.

2

OCR enforces Section 504 of the Rehabilitation Act of 1973 (Section 504), which is a Federal law that protects students with disabilities from discrimination based on their disability.[7] Section 504 guarantees qualified students with disabilities the right to a free appropriate public education in elementary and secondary school, commonly referred to as FAPE.[8] This includes the right of students with disabilities to receive their education in the regular educational environment, alongside their peers without disabilities, to the maximum extent appropriate to their needs.[9] OCR also enforces Title II of the Americans with Disabilities Act of 1990 (Title II), which similarly prohibits disability discrimination by public entities, including public education systems and institutions, regardless of whether they receive Federal financial assistance from the Department.[10]

As the Department's civil-rights enforcement arm, OCR is charged with ensuring that recipients of the Department's financial assistance and public entities, including the Oklahoma State Department of Education, are following these laws. To fulfill this responsibility, OCR may initiate a directed investigation in response to information that indicates a potential failure to comply with a law OCR enforces.[11] This includes the authority to investigate a state educational agency whose policies or actions may discriminate against students with disabilities by denying them an equal opportunity to participate in school and benefit from the school's educational opportunities.

Based on the information above, OCR is opening a directed investigation into the Oklahoma State Department of Education's compliance with Section 504 and Title II. Specifically, OCR will examine whether, in light of Oklahoma's prohibition on local school districts and schools from requiring the use of masks on school property and during in-person school-sponsored activities, the Oklahoma State Department of Education may be preventing school districts in the state from considering or meeting the individual educational needs of students with disabilities or otherwise enabling discrimination based on disability in violation of Section 504 and Title II. In this investigation, particular attention will be given to whether the Oklahoma State Department of Education may be preventing schools from making individualized assessments about mask use so that students with disabilities can attend school and participate in school activities in person, consistent with their right to receive a free appropriate public education and to be free from discrimination based on their disability.

---

[7] 29 U.S.C. § 794; 34 C.F.R. Part 104.

[8] 34 C.F.R. § 104.33.

[9] 34 C.F.R. § 104.34.

[10] 42 U.S.C. § 12131 *et seq.*; 28 C.F.R. Part 35.

[11] The regulation that authorizes OCR to conduct directed investigations can be found in the Code of Federal Regulations at 34 C.F.R. § 104.61, incorporating by reference 34 C.F.R. § 100.7(c). OCR's Case Processing Manual also provides information about directed investigations in Section 402.

Please note that opening this directed investigation in no way implies that OCR has decided whether there has been a violation of a law OCR enforces. During the investigation, OCR is a neutral factfinder, collecting and analyzing relevant evidence from the Oklahoma State Department of Education and other sources as appropriate prior to reaching a determination in this matter.

Our goal is the prompt resolution of this investigation consistent with the provisions set out in OCR's Case Processing Manual. The OCR Kansas City office will conduct this directed investigation. OCR will contact Oklahoma State Department of Education officials within a week of the date of this letter to request data and other information necessary for this investigation.

OCR's Case Processing Manual provides several ways for this investigation to be resolved, including an option to reach a voluntary resolution agreement prior to the completion of an investigation. If the Oklahoma State Department of Education expresses an interest in resolving the investigation in this way and OCR determines this form of resolution is appropriate based on the investigation, we will follow the steps set out in Section 302 of the Case Processing Manual.

Upon receipt of this letter, please notify OCR of the name, address, and telephone number of the person who will serve as the Oklahoma State Department of Education's contact person for this matter. Please refer to the above-referenced case docket number in any contacts with this office. If you have any questions prior to receiving the data-request letter, please do not hesitate to contact Bradley Burke, Regional Director, at Bradley.Burke@ed.gov or 816-268-0550.

Sincerely,

Suzanne B. Goldberg
Acting Assistant Secretary for Civil Rights
U.S. Department of Education

4



UNITED STATES DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS

THE ASSISTANT SECRETARY

August 30, 2021

The Honorable Ann Lebo
Director
Iowa Department of Education
Grimes State Office Building
400 E. 14th St.
Des Moines, IA 50319
Email: ann.lebo@iowa.gov

*sent via E-mail*

Re:  OCR Docket #05-21-5902

Dear Director Lebo:

I write to inform you that the U.S. Department of Education's Office for Civil Rights (OCR) is opening a directed investigation into whether the Iowa Department of Education may be preventing school districts in the state from considering or meeting the needs of students with disabilities as a result of Iowa's policy that prohibits school districts and individual schools from requiring the use of face masks to reduce the risk to students and others of contracting COVID-19 in school. OCR's investigation will focus on whether, in light of this policy, students with disabilities who are at heightened risk for severe illness from COVID-19 are prevented from safely returning to in-person education, in violation of Federal law. The remainder of this letter sets out in more detail the basis for this investigation and how the investigation will proceed.

With the start of the new school year, the nation has experienced significant increases in the number of new COVID-19 cases in the general population and specifically among school-age children.[1] Reports show distressingly high rates of hospitalization of children with COVID-19.[2] National data also show that children with some underlying medical conditions, including those

---

[1] Centers for Disease Control and Prevention (CDC), *COVID Data Tracker* (last updated Aug. 30, 2021), https://covid.cdc.gov/covid-data-tracker/#demographicsovertime.
[2] CDC, *COVID Data Tracker* (last updated Aug. 30, 2021), https://covid.cdc.gov/covid-data-tracker/#new-hospital-admissions.

400 MARYLAND AVE. S.W., WASHINGTON, DC 20202-1100
www.ed.gov

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

with certain disabilities, are at higher risk than other children for experiencing severe illness from COVID-19.[3]

At the same time, extensive evidence supports the universal use of masks over the nose and mouth to reduce the risk of COVID-19 transmission.[4] For this reason, the Centers for Disease Control and Prevention (CDC) "recommends universal indoor masking by all students (age 2 and older), staff, teachers, and visitors to K-12 schools, regardless of vaccination status."[5] The CDC has stated that "with COVID-19 cases increasing nationally since mid-June 2021, driven by the B.1.617.2 (Delta) variant of SARS-CoV-2," the protection provided by consistent and correct masking "remains essential in school settings."[6]

However, Iowa now prohibits public schools and school districts from requiring their students and staff, or members of the public, to wear a facial covering "for any purpose" while on school property, unless the facial covering is necessary for a specific extracurricular or instructional purpose. *See* House File 847, Iowa Code § 280.31. It is unclear whether this prohibition remains in place even if the school or district determines, given the COVID-19 transmission rates in the surrounding area, that a mask requirement is necessary to protect students with disabilities who are at heightened risk for severe illness from COVID-19.

In light of these circumstances, OCR is concerned that Iowa's restriction on schools and school districts from putting masking requirements in place may be preventing schools in Iowa from meeting their legal obligations not to discriminate based on disability and from providing an equal educational opportunity to students with disabilities who are at heightened risk of severe illness from COVID-19.

OCR enforces Section 504 of the Rehabilitation Act of 1973 (Section 504), which is a Federal law that protects students with disabilities from discrimination based on their disability.[7] Section 504

---

[3] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[4] CDC, *Science Brief: Transmission of SARS-CoV-2 in K-12 Schools and Early Care and Education Programs – Updated* (last updated July 9, 2021), https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/transmission_k_12_schools.html.

[5] CDC, *Guidance for COVID-19 Prevention in K-12 Schools* (last updated Aug. 5, 2021), https://www.cdc.gov/coronavirus/2019-ncov/community/schools-childcare/k-12-guidance.html. The CDC guidance recognizes an exception for a person who cannot wear a mask, or cannot safely wear a mask, because of a disability as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, and explains that schools should discuss the possibility of reasonable accommodation. *See id.*, https://www.cdc.gov/coronavirus/2019-ncov/community/schools-childcare/k-12-guidance.html#mask-use.

[6] *Id.*

[7] 29 U.S.C. § 794; 34 C.F.R. Part 104.

guarantees qualified students with disabilities the right to a free appropriate public education in elementary and secondary school, commonly referred to as FAPE.[8] This includes the right of students with disabilities to receive their education in the regular educational environment, alongside their peers without disabilities, to the maximum extent appropriate to their needs.[9] OCR also enforces Title II of the Americans with Disabilities Act of 1990 (Title II), which similarly prohibits disability discrimination by public entities, including public education systems and institutions, regardless of whether they receive Federal financial assistance from the Department.[10]

As the Department's civil-rights enforcement arm, OCR is charged with ensuring that recipients of the Department's financial assistance and public entities, including the Iowa Department of Education, are following these laws. To fulfill this responsibility, OCR may initiate a directed investigation in response to information that indicates a potential failure to comply with a law OCR enforces.[11] This includes the authority to investigate a state educational agency whose policies or actions may discriminate against students with disabilities by denying them an equal opportunity to participate in school and benefit from the school's educational opportunities.

Based on the information above, OCR is opening a directed investigation into the Iowa Department of Education's compliance with Section 504 and Title II. Specifically, OCR will examine whether, in light of Iowa's prohibition on local school districts and schools from requiring use of masks while on school property, the Iowa Department of Education may be preventing school districts in the state from considering or meeting the individual educational needs of students with disabilities or otherwise enabling discrimination based on disability in violation of Section 504 and Title II. In this investigation, particular attention will be given to whether the Iowa Department of Education may be preventing schools from making individualized assessments about mask use so that students with disabilities can attend school and participate in school activities in person, consistent with their right to receive a free appropriate public education and to be free from discrimination based on their disability.

Please note that opening this directed investigation in no way implies that OCR has decided whether there has been a violation of a law OCR enforces. During the investigation, OCR is a neutral factfinder, collecting and analyzing relevant evidence from the Iowa Department of Education and other sources as appropriate prior to reaching a determination in this matter.

---

[8] 34 C.F.R. § 104.33.
[9] 34 C.F.R. § 104.34.
[10] 42 U.S.C. §§ 12131 *et seq.*; 28 C.F.R. Part 35.
[11] The regulation that authorizes OCR to conduct directed investigations can be found in the Code of Federal Regulations at 34 C.F.R. § 104.61, incorporating by reference 34 C.F.R. § 100.7(c). OCR's Case Processing Manual also provides information about directed investigations in Section 402.

Our goal is the prompt resolution of this investigation consistent with the provisions set out in OCR's Case Processing Manual. The OCR Chicago office will conduct this directed investigation. OCR will contact Iowa Department of Education officials within a week of the date of this letter to request data and other information necessary for this investigation.

OCR's Case Processing Manual provides several ways for this investigation to be resolved, including an option to reach a voluntary resolution agreement prior to the completion of an investigation. If the Iowa Department of Education expresses an interest in resolving the investigation in this way and OCR determines this form of resolution is appropriate based on the investigation, we will follow the steps set out in Section 302 of the Case Processing Manual.

Upon receipt of this letter, please notify OCR of the name, address, and telephone number of the person who will serve as the Iowa Department of Education's contact person for this matter. Please refer to the above-referenced case docket number in any contacts with this office. If you have any questions prior to receiving the data-request letter, please do not hesitate to contact Adele Rapport, Regional Director, at Adele.Rapport@ed.gov or 312-730-1495.

Sincerely,

Suzanne B. Goldberg
Acting Assistant Secretary for Civil Rights
U.S. Department of Education

4