**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALICIA GEERLINGS**, as the Parent and/or Natural Guardian of QWG, a minor | : : | |
| and | : | |
| **ANDREW McLELLAN**, as the Parent and/or Natural Guardian of HM, a minor | : : | **Civil Docket No. 2:21-cv-04024** |
| and | : | |
| **SARAH MARVIN**, as the Parent and/or Natural Guardian of HA, a minor | : : | |
| and | : | |
| **DAVID GOVERNANTI**, as the Parent and/or Natural Guardian of SG, a minor | : : | |
| | : | |
| **Plaintiffs,** | : : | |
| v. | : : | |
| **TREDYFFRIN/EASTTOWN SCHOOL DISTRICT,** | : : : | |
| **Defendant.** | : : | |

**TREDYFFRIN/EASTTOWN SCHOOL DISTRICT'S MOTION
TO EXCLUDE THE TESTIMONY OF SHANNON GRADY**

Plaintiffs want this Court to allow Shannon Grady, a self-proclaimed "physiologist and scientist," to take the witness stand to perform a "demonstration" in which Ms. Grady places the tip of a portable carbon dioxide detector – commonly used in the construction industry for testing HVAC systems – under her mask and speaks into it like a microphone. The operation manual for the detector actually states: "***Do not hold the meter close to faces in case exhalation affects CO2 levels***." When the detector starts beeping, Ms. Grady will testify it is because the mask is causing her to breath dangerous levels of carbon dioxide. The Rules of Evidence to not allow this junk "science" to be part of this case.

{02432444 }

Moreover, such testimony is plainly dangerous. The pandemic has taught us that misinformation can literally kill. Ms. Grady's "demonstration" is just the type of misinformation that can cause people to believe that masks are actually more dangerous than COVID. This Court cannot lend any amount of legitimacy Ms. Grady's absurd "demonstration" by allowing her to perform it under the guise of expert opinion in this esteemed Court.

**I.     Summary of Proposed Opinion Testimony**

At 2:35 pm on September 13, 2021, Plaintiffs' counsel sent Defendant's counsel a YouTube link (https://www.youtube.com/watch?v=ptJ2P6hnqVc)[1] as their expert witness disclosure for the September 14, 2021, hearing. The link is to a meeting of the Board of Directors of the Downingtown Area School District during which Ms. Grady used her allotted five-minute public comment time to announce that she is a physiologist, and a scientist. Ms. Grady then appears to place a portable carbon dioxide ($CO_2$) meter under her face mask and talk into it like a microphone. A copy of the operation manual for the $CO_2$ meter used by Ms. Grady is attached as **Exhibit 1**.[2] The $CO_2$ meter was designed for use in the construction industry; the manual states that it is "useful in verifying HVAC system performance and air ventilation control." Ex. 1, p. 1. During Ms. Grady's speech, the device starts beeping. This is because she is breathing into the device, and it takes 30 seconds for the device to start beeping when it detects $CO_2$. Ex. 1, p. 4. The manner in which Ms. Brady used the device during her public comment time is utterly inconsistent with the instruction manual for the device, which plainly states: "<u>Do</u>

---

[1] Another two-minute link in which Ms. Brady is speaking about masks at her children's school can be found at. https://www.youtube.com/watch?v=K2DQ2u5DRbM.

[2] Prior to the 9/14/2021 hearing, Defense counsel was permitted to inspect Ms. Grady's device and the included the operation manual. The manual is for Portable $CO_2$ Meter Models: 7752, 77532, 7755, and 77535.

{02432444 }

not hold the meter close to faces in case exhalation affects CO2 levels." Ex. 1, p. 4. (emphasis added).

After 10:00 pm, on September 13, 2021, Plaintiffs' counsel proffered an untitled report saved as a pdf document with file name grady.pdf. That document, which is attached hereto as **Exhibit 2**, purports to describe the study of physiology, and then relies upon an anthropological opinion, and several articles discussing standards for indoor air quality in schools, commercial buildings, and homes. Based on the YouTube link and Exhibit 2, it appears that the point of Ms. Grady's testimony would be to counter the opinion of the medical doctors at the Centers for Disease Control and Prevention (and all other reputable authorities on the issue)that: "Wearing a mask does not raise the carbon dioxide (CO2) level in the air you breathe." *See* **Exhibit 3**, p. 2.

**II.   Argument**

    **A.   Summary of the Legal Standards for Expert Witnesses.**

Ms. Grady's demonstration with her portable $CO_2$ construction meter is not suitable expert witness testimony because: (a) her testimony is therefore not relevant; (b) she is not qualified to render medical opinions; (c) she did not use reliable principles and methods as required by Rule of Evidence 702(C); (d) she does not rely on evidence and data that experts in the field would typically rely upon as required by Rule 703; and (e) she did not apply her test to the facts of the case as required by Rule 702(D).

    **B.   The testimony is not relevant.**

Ms. Grady claims that she suffered from increased $CO_2$ levels while she was giving her speech that is shown in the YouTube link. Assuming for the sake of argument that her opinion is correct (it is not), her opinion is unrelated to the issue of irreparable harm because she has

recovered.  It is obvious Ms. Grady has recovered because she sat in the courtroom yesterday for at least four hours while wearing a face mask.

In addition, because the testimony opposes the safety of mask in general, and does not address a particularized injury, the testimony addresses a claim the plaintiffs do not have standing to bring.  The question of whether masks are safe is a political question, which cannot be "appropriately resolved through the judicial process" and should be left to the political or legislative spheres.  *Parker v. Wolf*, 506 F.Supp.3d 271, 291 (M.D. Pa. 2020) citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992).

Because Ms. Grady's testimony is not germane to irreparable injury or particularized injury, her testimony will not provide scientific, technical, or other specialized knowledge that will help the trier of fact understand a fact in issue.  Therefore, her testimony should be excluded pursuant to Rule 702(a) of the Federal Rules of Evidence.

**C.     Ms. Grady is Not Qualified to Render Medical Opinions.**

Ms. Grady is not permitted to render medical opinions.  The *Standards of Practice* for the American Society of Exercise Physiologists are **Exhibit 4** hereto. The Standards include a "Code of Ethics" that states: "***Nothing in the above description authorizes the exercise physiologist to diagnose disease either by using the electrocardiogram or by any means resulting from other exercise physiology laboratory procedures***."  Ex. 4 at p. 3/8 (emphasis added). Further, physiologists are not permitted to "infringe upon the practice of others, particularly the medical community." *Id.*  Because Ms. Grady is prohibited by the *Standards of Practice* governing physiologists from giving testimony that infringes upon the practice of the medical community, she is not qualified to testify against the medical guidance issued by the CDC.

### D. Ms. Grady Will Not Use Reliable Principles and Methods.

It is common knowledge that medical professionals use oximeters to test oxygen saturation. Oximeters are commonly used by medical staff in hospitals. Indeed, COVID has caused many people to use them in their homes to easily test their oxygen saturation. It is unknown why Ms. Grady did not use an oximeter, but instead relied upon a tool that is for verifying HVAC system performance. Because Ms. Grady relied upon non-medical equipment that is not designed to be placed next to the human face, she did not use reliable principles and methods.

In addition, the articles Ms. Grady relies upon in Exhibit 2 discuss air quality in buildings. She does not rely upon any of the principles and methods commonly accepted in the medical community. Rule 702(C) of the Federal Rules of Evidence requires expert opinion testimony to be "the product of reliable principles and methods." Three indicators of unreliability are that the equipment is being misused, the methodology is not peer reviewed, and the materials studied are not medical journals related to masks.

Ms. Brady's demonstration is a gimmick that misuses a $CO_2$ meter that was designed and built to test HVAC systems, not human breath. Even when used properly indoors, Ms. Grady's meter must be properly calibrated for moisture. Monitors like the one misused by Ms. Grady malfunction around condensation. In addition to misusing equipment, this witnesses' methods are not peer reviewed. The witness conducts the experiment only on herself and has not replicated the experiment on other people. This witness' methodologies are therefore unreliable and should not be admitted as expert testimony.

### E. Ms. Grady Will Not Rely Upon Evidence and Data that Experts in the Field Would Typically Rely Upon.

Pursuant to Rule 703 of the Federal Rules of Evidence, an expert may rely upon other experts and materials "if another expert would reasonably rely on those kinds of facts or data in forming an opinion on the subject." Ms. Grady doesn't do that. Instead of relying on medical journal articles about face masks and oxygen saturation, she relied on construction materials and construction tools to develop her "opinion." Pursuant to Rule 201 of Federal Rules of Evidence the Court can take judicial notice that over 130 of our nation's most trusted hospitals are asking people to mask up. Ms. Grady should not be able to submit her opinion because it is not relying upon scientific or medical journals discussing face masks [3] and is instead relying upon HVAC system standards.

### F. Ms. Grady Will Not Apply Her Test to the Facts of the Case as Required by Rule 702(D).

Rule 702(D) of the Federal Rules of Evidence requires the expert to have reliably applied the principles and methods to the facts of the case. Ms. Brady has not reliably applied scientific studies to the students in this lawsuit. Rather, she has applied her demonstration to herself only. She has not examined any of the four students whose parents brought this lawsuit. She is not being called upon to testify about the health and safety of the four student or how they are being irreparably injured. This witness is being called to testify against the safety of masks in general and whether the mask order should be invalidated. Therefore, the proffered testimony should be excluded pursuant to Rule 702(a) and 702(D).

### III. Conclusion

Not everyone has the skills to critically evaluate misinformation about face masks. In light of the danger of spreading misinformation about COVID safety, and because the proposed

---

[3] https://www.everymaskup.com/

testimony does not satisfy the requirements for expert opinion testimony set forth in the Rules of Evidence, this Court should exercise its gatekeeper role and preclude the testimony of Ms. Grady.  Ms. Grady's "opinions" must not be given a platform or microphone in the United States District Court for the Eastern District of Pennsylvania.

                                  Respectfully submitted,

                                  **WISLER PEARLSTINE, LLP**

**By:**    */s/ Brian R. Elias*
           Brian R. Elias, Esq. (No. 82938)
           Christina R. Gallagher, Esq. (No. 324579)
           Deborah R. Stambaugh, Esq. (No. 325032)
           460 Norristown Road, Suite 110
           Blue Bell, PA  19422
           (610) 825-8400

           *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 15, 2021, a true and correct copy of the foregoing Tredyffrin/Easttown School District's Motion to Exclude the Testimony of Shannon Grady was served upon all counsel of record via CM/ECF and email upon:

Gary Samms, Esquire<br>
Obermayer Rebmann Maxwell & Hippel LLP<br>
Centre Square West, 1500 Market Street Suite 3400<br>
Philadelphia, PA  19102-2101

Respectfully submitted,

**WISLER PEARLSTINE, LLP**

**By:** */s/ Brian R. Elias*
Brian R. Elias, Esq. (No. 82938)
Christina R. Gallagher, Esq. (No. 324579)
Deborah R. Stambaugh, Esq. (No. 325032)
460 Norristown Road, Suite 110
Blue Bell, PA  19422
(610) 825-8400

*Attorneys for Defendant*