IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICIA GEERLINGS, et al., *Plaintiffs*, v. TREDYFFRIN/EASTTOWN SCHOOL DISTRICT, *Defendant*. | Civil Action No. 21-cv-4024 |

# ORDER

**AND NOW**, this 15th day of September, 2021, it is hereby **ORDERED** that Plaintiffs shall file a response to Defendant's "Motion to Exclude the Testimony of Shannon Grady" (ECF No. 12) no later than **Friday, September 17, 2021 at 5:00 p.m.** Upon receipt and review of Plaintiffs' response, I will decide: (1) whether to hold a hearing on Defendant's Motion to Exclude, and (2) whether to issue an expedited schedule for expert discovery.

It is **FURTHER ORDERED** that Plaintiffs' response shall address the following:

Defendant's Motion to Exclude comes in the context of Plaintiffs' request for interim injunctive relief that I set aside the directive issued by the Pennsylvania Secretary of Health requiring students to wear masks in school. In considering whether to grant interim injunctive relief, I must consider: the likelihood that Plaintiffs will succeed on the merits of their claims, the irreparable harm Plaintiffs may suffer in the interim, the balance of equities between the parties, and the public interest. Ferring Pharms., Inc. v. Watson Pharms., Inc., 765 F.3d 205, 210 (3d Cir. 2014). As I understand Plaintiffs' claims in this lawsuit, they are:

1. The Pennsylvania Secretary of Health lacked authority to require students to wear masks in schools;

2. The requirement to wear masks in schools infringes the ability of Plaintiffs and their children to practice their respective religions; and

3. Defendant cannot require students to wear masks because masks are a medical device that must first be approved by the FDA.

Plaintiffs' response to Defendant's Motion to Exclude shall clearly explain how Ms. Grady's testimony, if accepted, would help Plaintiffs establish: (1) the elements necessary for interim injunctive relief (likelihood of success, irreparable harm, balance of equities, and public interest); and (2) Plaintiffs' claims in this lawsuit.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**