IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICIA GEERLINGS, as the Parent and/or Natural Guardian of QWG, a minor<br>738 Laurel Lane<br>Wayne, PA 19087, | :<br>:<br>:<br>:<br>: |
| ANDREW McLELLAN, as the Parent and/or Natural Guardian of HM, a minor<br>4159 Whitehorse Road<br>Malveren, PA 19355, | : NO. _____<br>:<br>:<br>:<br>: |
| SARAH MARVIN, as the Parent and/or Natural Guardian of HA, a minor<br>1451 Russell Road<br>Paoli, PA 19301, | :<br>:<br>:<br>:<br>: |
| and | :<br>: |
| DAVID GOVERNANTI, as the Parent and/or Natural Guardian of SG, a minor<br>111 Sugartown Road<br>Devon, PA 19333 | :<br>:<br>:<br>:<br>: |
| *Plaintiffs,* | :<br>: |
| vs. | :<br>: |
| TREDYFFRIN/EASTTOWN SCHOOL DISTRICT,<br>940 W Valley Road #1700<br>Wayne, PA 19087 | :<br>:<br>:<br>: |
| *Defendant.* | :<br>: |

## PLAINTIFFS' RESPONSE TO DEFENDANT TREDYFFRIN/EASTTOWN SCHOOL DISTRICT'S MOTION TO EXCLUDE THE TESTIMONY OF SHANNON GRADY

Plaintiffs Alicia Geerlings, Andrew McLellan, Sarah Marvin, and David Governanti ("Plaintiffs), by and through their counsel, Obermayer Rebmann Maxwell & Hippel LLP, hereby responds to Defendant Tredyffrin/Easttown School District's ("Defendant") Motion to Exclude the Testimony of Shannon Grady.

**I.      Summary of Proposed Opinion Testimony**

Prior to the hearing before the Court on September 14, 2021, Plaintiffs' counsel advised Judge Goldberg and Defendant's counsel of their intent to produce evidence and testimony at the

hearing schedule for September 15, 2021, including a demonstration by Shannon Grady. Plaintiff's counsel advised Ms. Grady is a physiologist, and the demonstration involved measuring the level of CO2 she exhaled while talking for approximately five to seven minutes while wearing a mask. Shortly after the telephone conference concluded, Plaintiff's counsel provided Defendant's counsel with an email containing a link to Shannon Grady performing a similar demonstration at a different school district's school board meeting. Later that same day, Plaintiff's counsel provided Defendant's counsel with a document setting forth Shannon Grady's qualifications as well as the areas of testimony Plaintiff's counsel intended to address at the hearing on September 15, 2021. *A copy of Shannon Grady Areas of Testimony is attached hereto as Exhibit A.* A cursory review of the numerous articles and studies Ms. Grady cited in this document is sufficient to show the scientific reliability of her testimony. Ms. Grady has significant experience serving as a physiologist/consultant for over two years for numerous athletic teams and associations, which includes US Olympic Teams members in over 25 sports, and her impressive background is more than enough for her to be qualified as an expert in relevant scientific/medical issues to be addressed at the hearing. *A copy of Shannon Grady's Curriculum Vitae is attached hereto as Exhibit B.*

At the hearing, each Plaintiff took the stand and testified about his/her religious beliefs and explained how his/her religious beliefs are violated by Defendant forcing Plaintiffs' children to wear a mask while at school. Additionally, Plaintiffs testified about the medical and mental health issues that are exacerbated by Defendant forcing the children to wear masks inside all school district buildings. Due to the length of the hearing and the Court's schedule, the hearing was suspended during the testimony of Chris Groppe, Director of Safety and Student Services at the school district defendant. Plaintiffs' counsel advised the Court he intended to continue

questioning Dr. Groppe regarding Defendant's mishandling of Plaintiffs' requests for their children to be granted exemptions from wearing face coverings or masks during the school day.

Prior to the conclusion of the hearing on September 15, 2021, Defendant's counsel advised the Court he intended to object to physiologist Shannon Grady testimony as an expert on behalf of Plaintiffs. Judge Goldberg cited this testimony as a key piece of evidence, which will involve scientific evidence and testimony. A telephone conference on the record was scheduled for September 16, 2021 at 4:00 p.m. to allow Defendant's counsel time to consider how long he needed to prepare for Shannon Grady's testimony during the second day of the hearing, which has not been scheduled yet to accommodate Defendant's counsel. Despite the Court allowing this time for Defendant's counsel to prepare, during the telephone conference Defendant's counsel did not provide a timeline with respect to preparation for Shannon Grady's testimony during the subsequent day of the hearing.

Instead of providing an estimate with respect to the time needed to prepare, Defendant filed a motion seeking to exclude Shannon Grady's testimony. The motion is without merit. Defendant seeks to preclude testimony that it must see as damaging to its defense when the hearing continues. Defendant cannot be permitted to rely on an argument based on its warped interpretation of the Federal Rules in order to prevent Plaintiffs from presenting evidence and testimony simply because Defendant believes it will be damaging to its defense. Exhibit A, produced to Defendant's counsel in advance of the hearing, includes references to numerous medical articles highlighting the inefficiency and potential dangers of forcing our Commonwealth's children to wear stifling masks all day every day while at school. In short, Defendant's motion is based on specious rationale and dubious interpretations of the Federal Rules. Accordingly, Defendant's motion must be dismissed and Plaintiffs must be permitted to

call physiologist as an expert witness to testify about the danger and inefficiency of wearing a mask, as well as to provide a demonstration regarding the increasing level of carbon dioxide while wearing a mask and talking for a short time period. The time period of approximately five to seven minutes is miniscule in comparison to the full school day during which Defendant is forcing its students to wear face coverings or masks.

**II.     Argument**

Defendant sets forth five sub-sections in its Argument section in a scattershot attempt to justify the disqualification of Shannon Grady as an expert witness at the continued hearing for a TRO. Plaintiffs address Defendant's alleged rationale below, and it is readily apparent that Shannon Grady is more than qualified to testify with respect to the impact of the Defendant's attempt to force school child to wear masks. Defendant should not be permitted to further delay the conclusion of the hearing in order to avoid an injunction based on Defendant's mischaracterizations of Shannon Grad's qualifications and misunderstanding of the demonstration Plaintiffs intend to present to the Court.

**A.   Summary of Legal Standard for Expert Witness**

Pursuant to the Federal Rules of Civil Evidence permit the testimony of an expert witness as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or date;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Federal Rule of Evidence 702 (Testimony by Expert Witnesses).

Pursuant to Pennsylvania case law, upon a witness being offered as an expert to testify, the initial question is whether the subject of the opinion testimony is so distinctly related to some science, profession, business, or occupation as to be beyond the knowledge or experience of an average layperson. *See Commonwealth v. Lopez*, 578 Pa. 545, 854 A.2d 465, 470 (2004) *citing Commonwealth v. Auker*, 545 Pa. 521, 681 A.2d 1305, 1317 (Pa. 1996) (finding physical processes during ligature strangulation beyond average layperson). The standard for qualification of an expert is liberal. *Commonwealth v. Gonzalez*, 519 PA. 116, 546 A.d 26, 31 (Pa. 1988) *citing Kuisis v. Baldwin-Lima-Hamilton Corp.*, 457 Pa. 321, 338, 319 A.2d 914, 924 (1974) ("if a witness has any reasonable pretentsion to specialized knowledge on the subject matter under investigation he may testify and the weight to be give to his evidence is for the [fact finder]."). As demonstrated by Ms. Grady's Curriculum Vitae and document covering her areas of testimony, she is more than qualified to testify as an expert regarding the impact of school children within Defendant's school district being mandated to wear masks and the potential adverse impact of the same.

**B.  The testimony is relevant**

The instant matter involves three essential issues, which are whether the Department of Health and Defendant school district have the authority to require all students to wear a face covering or mask while at school, whether the school district should recognize valid religious exemptions to the mask mandate, and whether students should be forced to wear masks where the safety and efficacy of children wearing masks is in question. Shannon Grady's testimony and demonstration are clearly relevant to the third issue.

Defendant attacks Shannon Grady's demonstration as irrelevant because the school district alleges it does not address a particular injury and does not show irreparable harm. This

argument implies that unless Shannon Grady performs the test on a minor student attending a school within the district, and actually causes irreparable harm by causing injury and/or exacerbating an existing injury or condition, then the demonstration is not relevant. Further, Plaintiffs criticize Ms. Grady for holding the CO2 detector close to her face, because the product's manual advises that holding the device close to one's mouth may result in a misreading showing a higher level of CO2 than is in the building.

Defendant's focus on Ms. Grady's method of using the CO2 detector is misguided. The product's manual specifies how to use the CO2 detector when testing the level of CO2 in a building's HVAC system; therefore, it is not advised to hold the detector close to your mouth because the operator will exhale CO2 and cause a misreading by the detector. Ms. Grady will testify at the hearing as to why she chose her methodology, and Defendant's counsel will have an opportunity to cross-examine her on this issue. As her testimony is scientific and specialized in nature, it will aid Judge Goldberg in understanding the potential adverse impact of wearing a mask all day, and her demonstration will show how quickly the CO2 level increases when an individual talks while wearing a mask for a relatively short period of time.

### C. Shannon Grady is Qualified to Render Scientific/Medical Opinions

As noted above, in advance of the hearing on September 14, 2021 Plaintiffs provided Defendant's counsel with a document detailing Shannon Grady's qualifications and the areas she intended to testify about. *See* Exhibit A. Additionally, prior to the hearing, Plaintiffs' counsel provided Defendant's counsel with a Curriculum Vitae for Shannon Grady. *See* Exhibit B. As Judge Goldberg noted during the hearing, when he made the determination to suspend ruling on whether Ms. Grady would be permitted to testify as an expert and/or perform the demonstration when the hearing resumes, Defendant was provided additional time to prepare to argue in

support of its objection because it involves key evidence of a scientific issue. This is certainly scientific and specialized knowledge that provides a basis for expert opinions and or other testimony as set forth in Federal Rule of Evidence 702(a). Defendant wrongly posits that Shannon Grady is not qualified to testify at the hearing with respect to her scientific and specialized knowledge, despite Plaintiffs providing her notable Curriculum Vitae and the document detailing the scientific/medical areas about which she would testify, including numerous references to articles and studies to support her expert opinion testimony.

As set forth in Shannon Grady's Curriculum Vitae, Shannon Grady obtained a Bachelor of Science in Exercise and Sports Sciences from the University of Florida in 1997. She then obtained a Master of Science from the University of Florida in 1999, majoring in Exercise Physiology/Biochemistry. She studied the American College of Sports Medicine in 1998 and at the International College of Holistic Studies in San Diego, California in 2000. Since 2000, Shannon Grady has served as a consulting physiologist for numerous sports teams and associates, including for U.S. Olympic Team members in over 25 sports. Ms. Grady is a Corrective Exercise Specialist and is ICOHS and ACSM certified. She has worked as a researcher in Applied Physiology/Biochemistry for the American Heart Association and the American Lung Association. *See* Exhibit B.

### D.  Shannon Grady Will Use Reliable Principles and Methods

Exhibit A includes an extensive list of articles and studies regarding the impact of increased carbon dioxide on indoor air quality, the adverse impact of children breathing air with elevated levels of carbon dioxide, the relationship between cognitive deficiencies and increased levels of carbon dioxide, and the inefficiency of wearing face coverings or masks as well as potential risks and dangers children face while wearing face coverings or masks. While this may

not be Defendant's preferred scientific literature, and the CO2 detector may not be Defendant's preferred methodology for testing the air quality, Defendant is unable to cite any case law to support the position that only one method may used during scientific testing, because that is simply inaccurate.

Shannon Grady will provide a brief demonstration of approximately five-to-seven minutes to show how quickly the level of carbon dioxide increases while she is talking while wearing a facial covering similar to the type of face covering Defendant intends to force children to wear at all times while indoor at school. The Defendant School District suggests there is only one possible method of testing the air quality, which is to use an oximeter to test oxygen saturation. In support of this position, Defendant states it is "common knowledge" that oximeters are used by medical professionals and oximeters are "commonly used" in hospitals. There bald assertions are not sufficient to rule out the validity of different methods for testing the concentration of the air children are breathing while wearing a mask.

### E.  Ms. Grady relies on valid evidence and data from studies and articles

Similarly, Defendant claims Plaintiff's expert should be excluded because she does not rely on the data and evidence Defendant wants her to use. Defendant is incorrect that Ms. Grady seeks to rely upon HVAC system standards, and in fact in another argument Defendant criticizes Ms. Grady for not using the CO2 detector in the manner suggested by the product's manual in order to test air quality of an HVAC system. Ms. Grady is clearly qualified to testify as an expert, and her testimony will aid the fact finder. She will testify why she chose the methodology she uses for the demonstration, which will be before the Court and Defendant's counsel. Defendant's counsel will have an opportunity to cross-examine her regarding her preferred

methodology for testing the increased CO2 level a masked individual is exposed to while simply talking for five-to-seven minutes.

### F. Ms. Grady's expert testimony is applicable to the case

Defendant's assertion that Ms. Grady should be excluded from testifying because she performs the demonstration on herself, instead of a minor student, is difficult to comprehend. The relevant fact is the wearing of a mask causes the CO2 level to rise, and as Ms. Grady will testify, it rises to a potentially dangerous level. This is particularly worrisome for parents of children with a medical issue. She does not need to test children and potentially harm them to show the rising level of CO2. Plaintiffs' counsel has disclosed a number of articles regarding the potential harm of this increased level of CO2, and Ms. Grady will testify as to her expert opinion on the adverse impact this will have on minor children. The four students in the case should not be forced to suffer an irreparable medical injury before action is taken.

## III. Conclusion

Defendant attempts to broaden the impact of what is at stake. Shannon Grady's testimony is not going to wrongfully mislead the public; there is not even a jury hearing her testimony, only Judge Goldberg. Counsel for Defendant will have ample opportunity to cross-examine Shannon Grady regarding her qualifications and opinions, which is a matter for the Court to decide not for Defendant's attorney to flatly state in advance of the hearing. Plaintiffs should be permitted to present the expert of their choosing. If Shannon Grady is really as unqualified and her methods as unreliable as suggested by Defendant's motion – which of course is completely inaccurate – then Defendant's able counsel should have a field day on cross examination. Pennsylvania has a liberal standard for admitting expert testimony. Clearly, Ms. Grady should be permitted to render opinion testimony pursuant to Federal Rule of Evidence 702 and the case law cited above, as this

will aid the trier of fact in understanding the issue regarding whether the masks actually present more of a risk of harm than the alternative.

For all the reasons stated herein, and any argument permitted by the Court, Plaintiffs respectfully request this Honorable Court deny Plaintiff's Motion to Exclude the Testimony of Shannon Grady.

                Respectfully submitted,

By:    */s/ Michael J. Ryan*_____
        OBERMAYER REBMANN MAXWELL & HIPPEL LLP
        Gary M. Samms, Esq. (#58096)
        Michael J. Ryan, Esq. (#307654)
        Centre Square West
        1500 Market Street, Suite 3400
        Philadelphia, PA 19102-2101
        (215) 665-3054
        *Attorney for Plaintiffs*